UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBIN ROY,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | NO: CV-12-3078-FVS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

  Before the Court is Plaintiff Robin Roy's motion to amend judgment, ECF No. 22. The Court has reviewed the motion, the response, the Court's prior order, and the record.

  This Court entered an order on November 4, 2013, granting the Defendant's motion for summary judgment. ECF No. 20. Ms. Roy comes now and moves this Court to modify its November 4 order. ECF No. 22. Ms. Roy moves pursuant to Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust,

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 1

or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 665 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

Ms. Roy argues that this Court committed clear error by (1) "making a Post Hoc finding that the ALJ did not need to consider evidence in Section I of form SS-4734-F4-SUP," (2) upholding the ALJ's decision discrediting medical providers because of Ms. Roy's positive response to treatment, and (3) by holding that Ms. Roy's failure to follow her proscribed treatment precluded a finding of disability.

**Post Hoc Findings**

Ms. Roy argues that this Court engaged in a post hoc rationalization when the Court determined that ALJ Ausems did not commit error by failing to address a checked box on a form completed by Eugene Kester, M.D. However, the Court was not providing a basis for rejecting Dr. Kester's opinion when it upheld ALJ Ausems' decision. Instead, the Court concluded that the checked box was simply irrelevant, and ALJ Ausems did not err in failing to mention it.

The reason the checked box is irrelevant is because the check-box portion of the form SSA-4734-F4-SUP is simply a worksheet to ensure that a medical provider considers the nature and degree of limitations in producing their narrative. Program Operations Manual System ("POMS") DI 25020.010(B)(1). The

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 2

narrative portion of the form represents the opinion of the medical source. *Id.* While Ms. Roy argued that the checked box portion of the form was relevant despite the POMS, this Court disagreed with that argument. ECF No. 18-19. The Court finds no basis to revise its decision.

**Medical Evidence**

Ms. Roy argues that this Court committed clear error in upholding the ALJ's decision because the variable nature of Ms. Roy's symptoms is consistent with a diagnosis of bi-polar disorder. However, Ms. Roy's argument ignores the fact that the ALJ's decision was based not on simple fluctuations of mood but was instead based on fluctuations that aligned remarkably with Ms. Roy's relapses into drug abuse and failure to follow her treatment. (Tr. 22-23.) It was that tie to drug relapse and failure to follow treatment, combined with the timing medical examinations on behalf of the Washington State Department of Social and Health Services ("DSHS"), that formed the basis of the Court's opinion. ECF No. 20 at 13-14. Accordingly, the Court finds no basis to revise its decision.

**Failure to Follow Treatment**

Ms. Roy argues that this Court committed error by finding that Ms. Roy was not disabled because prescribed treatment could restore her ability to work. While it is true that this Court erroneously cited to Social Security Ruling 85-29, that ruling did not form the basis for the Court's or ALJ's opinions. Instead, the ALJ

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 3

concluded that the opinions of the DSHS medical service providers were unpersuasive because they were inconsistent with Ms. Roy's improvements and failed to consider Ms. Roy's failures to follow her medical treatment and relapses into drug use. (Tr. 25.) This Court found that these reasons were sufficient to support rejection of the opinions from those medical service providers. ECF No. 20 at 14-15. Even if the Court were to strike its citation to SSR 85-29, it would not change the reasoning of the opinion. As a result, the Court finds that no clear error has been committed.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion to amend judgment, ECF No. 22, is DENIED.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 2nd day of January, 2014.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 4